BALYEAT *v.* AMERICAN NATIONAL INS. CO.

1. INSURANCE—CONSTRUCTION OF POLICY.
    An insurance policy must be read as a whole and a provision affecting a particular condition be applied to modify a provision covering the condition only partly.

2. SAME—DEFAULT IN PREMIUMS.
    Upon insured's default in payment of premiums under life insurance policy, its original rights and obligations ceased and in lieu thereof an alternative becomes effective.

3. SAME—AUTOMATIC EXTENDED INSURANCE.
    In action after death of insured in November, 1933, under life insurance policy issued in November, 1925, which became in default in February, 1930, automatic extended insurance benefit clause when construed in connection with premium loan clause and indebtedness clause extended coverage until June, 1933, at which time policy ceased to be in force in any respect.

4. SAME—AUTOMATIC EXTENDED INSURANCE—DEFAULT IN PREMIUMS —CASH VALUE.
    At expiration of term of automatic extended insurance purchased by insured's failure to exercise any option upon default in payment of premium, there is no cash value with which to purchase further extension of insurance since the cash value is then exhausted.

5. SAME—EXHAUSTION OF RESERVE—PLEADING—QUESTION OF FACT.
    Question as to whether or not reserve set up in insurance policy upon default in payment of premiums was exhausted by premium loans *held*, question of fact properly pleadable in denial of defendant's answer where defendant pleaded such exhaustion in defense.

Appeal from Wayne; Campbell (Allan), J. Submitted January 14, 1936. (Docket No. 50, Calendar No. 38,611.) Decided March 2, 1936.

Assumpsit by Phebe J. Ewald against American National Insurance Company, a foreign corporation, on a life insurance policy. Order changing name of

plaintiff to Phebe J. Ewald Balyeat. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Owen Rippey* (*Elmer G. Rice,* of counsel), for plaintiff.

*Lightner, Crawford, Sweeny, Dodd & Toohy* (*George D. Haller,* of counsel), for defendant.

Fead, J. In action on a life insurance policy, defendant had judgment on summary motion,* the pleadings disclosing no issue of fact.

November 11, 1925, defendant issued its policy for $1,000 to Adolph O. Ewald, in which plaintiff was named as beneficiary. The insured paid premiums in cash to February 11, 1930. Thereafter, in accordance with request of the insured in his application, defendant charged premiums as loans against the policy until June 13, 1933, when the cash value became exhausted. Insured died November 23, 1933.

The "premium loan" clause of the policy provided for the charge of premiums as loans when requested by insured and—"if the premium is so charged, this policy will be continued in force the same in all respects as though the premium paid by said loan had been paid in cash," etc.

The policy also provided "guaranteed surrender options," after three years' premiums had been paid, by way of surrender of the policy and the insured taking (a) the cash value, equal to the loan value, (b) paid-up insurance, or (c) extended term insurance for the face amount of the policy, as set out in tables. It also provided "automatic nonforfeiture benefit," upon which plaintiff bases her case, and which reads:

"If this policy is not continued in force by the payment of premiums either in cash or by the opera-

---

* See Court Rule No. 30, § 7 (1933)—Reporter.

tion of the premium loan provisions herein, and if the insured prior to the expiration of the grace period has not requested one of the options as provided above, the company, at the expiration of said grace period corresponding to any unpaid premium, without action on the part of the insured but under the same conditions which would otherwise entitle the insured to one of the options above set forth, will continue the insurance as extended term insurance as per option No. 3 above for such amounts as would have been in force had the payment of premium been continued.''

Plaintiff contends that as the premium loans continued the policy in force in all respects as though the premiums had been paid in cash, the extended term insurance automatically applying to the policy was for the term shown in the table, computed as of June 13, 1933.

Plaintiff's construction of these provisions of the policy is logical but the result in this case would be startling. It would mean that, although all the cash value of the policy which had accrued in February, 1930, was used to continue the policy in force, plaintiff, on June 13, 1933, had the option of surrendering the policy and taking not only the cash value (or insurance purchased by it) for which he had actually paid, but also an increased cash value (or insurance) computed upon the subsequent premiums paid by exhausting the original cash value. He could eat his cake and have it, too. This result also is logical and must prevail were it not for other provisions of the policy.

Like most other insurance contracts, the policy is divided into subjects, each governing a specific condition. It must be read as a whole and a provision affecting a particular condition be applied to modify a provision covering the condition only partly. Also,

the automatic extended insurance clause requires such application because the benefit thereunder depends upon the ''conditions which would otherwise entitle the insured to one of the options above set forth.''

Plaintiff's contention ignores the ''Indebtedness'' clause, which reads:

''If this policy shall lapse and there shall be an indebtedness hereon, the said indebtedness will be deducted from the cash value of the policy at date of default, and the balance will be (A) paid to the insured in cash or (B) applied to the purchase of paid-up insurance, or (C) applied to extend the face amount of the insurance hereunder, at the option of the said insured.''

The plain purport of this clause is that the original policy lapsed on nonpayment of premium, its original rights and obligations ceased and, in lieu thereof, an alternative became effective. In case of lapse, the indebtedness is charged against the cash value and only the balance in cash or in such amount of paid-up insurance or such period of extended insurance as the balance of the cash value would purchase, could be taken by the insured under the options. As in this case the charge of indebtedness against the cash value left no balance of cash value, there was nothing to purchase extended insurance. Consequently, the policy was not in force in any respect at death of the insured.

If, as suggested by plaintiff's counsel, she doubts that the reserve was wholly exhausted by the premiums loaned, as pleaded by defendant, she should have set up the fact in denial of defendant's answer.

Judgment affirmed, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, Potter, and Toy, JJ., concurred.